J-A13030-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DANIEL DAMIAN TUCKER JR. | : | |
| | : | |
| Appellant | : | No. 656 EDA 2020 |

Appeal from the PCRA Order Entered January 30, 2020
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CR-0003001-2017

BEFORE: BENDER, P.J.E., DUBOW, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY DUBOW, J.: Filed: July 8, 2021

Appellant Daniel Damian Tucker, Jr., appeals *pro se* from the Order denying his first Petition filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S. §§ 9541-46 ("PCRA"). He asserts trial and appellate counsel provided ineffective assistance of counsel for failing to preserve his claims implicating the discretionary aspects of his sentence. We affirm.

In April 2017, Appellant and three others committed a home invasion robbery in Lower Moreland Township during which Appellant held one occupant of the house at gunpoint while the others beat and restrained several others, including an 8-year-old child. After a stipulated bench trial, the court found Appellant guilty of four counts of Robbery and one count of Conspiracy to Commit Robbery. The court sentenced Appellant on February 26, 2018, to

_____

[*] Former Justice specially assigned to the Superior Court.

two standard range sentences which aggregated to a term of 14 to 30 years' imprisonment. Appellant filed a Post-Sentence Motion challenging the discretionary aspects of his sentence, contending that the court failed to properly consider mitigating factors. The court denied the Post-Sentence Motion and Appellant filed a direct appeal.

On direct appeal, Appellant's counsel raised, among other things, a claim that the aggregate term of 14 to 30 years' incarceration was manifestly excessive and imposed without proper consideration of Appellant's rehabilitative needs in violation of the Sentencing Code. In addressing this claim, a panel of this Court concluded that, although Appellant's Post-Sentence Motion included a challenge to the discretionary aspects of his sentence, the Motion had not included the specific issue raised on appeal. Therefore, Appellant waived his challenge to the discretionary aspects of sentence. *Tucker*, *supra* at 3-4. The Court also opined that the mitigating factors challenge presented in Appellant's Post-Sentence Motion, that Appellant attempted to argue on appeal, failed to present a substantial question. *See Tucker*, No. 1151 EDA 2018, at 4 n.3.

Appellant did not seek further appellate review.

On July 9, 2019, Appellant timely filed his PCRA Petition raising four issues. The PCRA court appointed counsel, who filed a *Turner*-*Finley*[1] letter

---

[1] *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

and a Motion to Withdraw. On September 30, 2019, the PCRA court entered an Order granting counsel's Motion to Withdraw and giving Appellant Notice pursuant to Pa.R.Crim.P. 907 of its intent to dismiss the Petition without a hearing. Appellant responded to the Rule 907 Notice, requesting that the court allow him to amend his PCRA Petition. The court denied the Motion to Amend. On January 31, 2020, the PCRA court dismissed the Petition without a hearing.

Appellant *pro se* timely appealed. He filed a court-ordered Pa.R.A.P. 1925(b) Statement; the PCRA court filed a responsive Rule 1925(a) Opinion.

Appellant presents the following two issues for our review:

(1)    Whether post-sentence and direct appeal counsel were ineffective?

(2)    Whether the lower court erred in dismissing PCRA petition without a hearing?

Appellant's Brief at 2 (issues reordered).

Appellant asserts that because trial and appellate counsel failed to preserve his challenges to the discretionary aspects of his sentence, he lost his right to be heard on appeal, and this Court should presume prejudice "with no further showing from the defendant of the merits of his underlying claims." Appellant's Br. at 9-13, (quoting **Roe v. Flores-Ortega**, 528 U.S. 470, 484 (2000), citing **Strickland v. Washington**, 466 U.S. 668 (1984)). Although inartfully developed in his Brief, we infer that Appellant's argument is that appellate counsel should have raised the issue trial counsel preserved in

Appellant's Post-Sentence Motion, and trial counsel should have preserved the issue raised by appellate counsel by including it in his Post-Sentence Motion.

"In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error." ***Commonwealth v. Fears***, 86 A.3d 795, 803 (Pa. 2014) (quotation marks and citation omitted). "The scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level." ***Commonwealth v. Spotz***, 84 A.3d 294, 311 (Pa. 2014).

A PCRA petitioner is not automatically entitled to an evidentiary hearing. ***Commonwealth v. Jones***, 942 A.2d 903, 906 (Pa. Super. 2008). "[I]f the PCRA court can determine from the record that no genuine issues of material fact exist, then a hearing is not necessary." ***Id***. We review the PCRA court's decision dismissing a petition without a hearing for an abuse of discretion. ***Commonwealth v. Roney***, 79 A.3d 595, 604-05 (Pa. 2013).

In analyzing claims of ineffective assistance of counsel, we presume that trial counsel was effective unless the PCRA petitioner proves otherwise. ***Commonwealth v. Williams***, 732 A.2d 1167, 1177 (Pa. 1999). To succeed on a claim of ineffective assistance of counsel, Appellant must demonstrate that (1) the underlying claim is of arguable merit; (2) counsel's performance lacked a reasonable basis; and (3) the ineffectiveness of counsel caused the appellant prejudice. ***Commonwealth v. Fulton***, 830 A.2d 567, 572 (Pa.

2003). Appellant bears the burden of proving each of these elements, and his "failure to satisfy any prong of the ineffectiveness test requires rejection of the claim of ineffectiveness." *Commonwealth v. Daniels*, 963 A.2d 409, 419 (Pa. 2009).

Our Pennsylvania Supreme Court has recognized that "it is only in the rarest of circumstances . . . that a presumption of prejudice is appropriate in assessing a claim of ineffective assistance of counsel." *Commonwealth v. Spotz*, 870 A.2d 822, 834 (Pa. 2005) (citing *Florida v. Nixon*, 543 U.S. 175, 179(2004) (presumption of prejudice "is reserved for cases in which counsel fails meaningfully to oppose the prosecution's case"). *See also Bell v. Cone*, 535 U.S. 685, 696–97 (2002) (holding that, for presumed prejudice standard to apply, counsel's "failure must be complete."). Moreover,

> the U.S. Supreme Court has emphasized that there are only "three categories of cases, described in *Strickland*, in which we presume prejudice rather than require a defendant to demonstrate it." [*Smith v.*] *Robbins*, 528 U.S. [259,] 287, [(2000)]. Those categories involve claims demonstrating (1) an actual denial of counsel, (2) state interference with counsel's assistance, or (3) an actual conflict of interest burdening counsel. *Id.*

*Commonwealth v. Lambert*, 797 A.2d 232, 245 (Pa. 2001).

In *Weaver v. Massachusetts*, 137 S.Ct. 1899 (2017), the United States Supreme Court discussed the distinction between the presumption of prejudice on direct appeal and the prejudice that must be proven in the context of a post-conviction ineffective assistance of counsel:

The question then becomes what showing is necessary when the defendant does not preserve a structural error on direct review but raises it later in the context of an ineffective-assistance-of-counsel claim. To obtain relief on the basis of ineffective assistance of counsel, the defendant as a general rule bears the burden to meet two standards. First, the defendant must show deficient performance—that the attorney's error was "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." **Strickland** [, **supra** at 687]. Second, the defendant must show that the attorney's error "prejudiced the defense." [**Id.**]

* * *

When a structural error is preserved and raised on direct review, the balance is in the defendant's favor, and a new trial generally will be granted as a matter of right. When a structural error is raised in the context of an ineffective-assistance claim, however, finality concerns are far more pronounced. For this reason, and in light of the other circumstances present in this case, **petitioner must show prejudice** in order to obtain a new trial.

137 S.Ct. at 1910, 1913 (emphasis added).

Pursuant to the above case law, we decline to apply a presumption of prejudice as Appellant suggests. Appellant's claim does not fit within any of the three categories set forth in **Lambert**, **supra**, and the **Weaver** Court explicitly stated that a petitioner must show prejudice when raising a claim under the ineffective assistance of counsel rubric. Thus, we review Appellant's claim of ineffective assistance of counsel in accordance with the three-prong test reiterated in **Fulton**, **supra**.

To satisfy the first prong of the ineffectiveness test, Appellant must establish that the underlying issue has merit. Because the underlying issue here is a challenge to the discretionary aspects of sentence for which there is no automatic right of appeal, we must first determine whether Appellant could

have invoked this Court's jurisdiction to consider his specific challenge. *Commonwealth v. Mastromarino*, 2 A.3d 581, 585 (Pa. Super. 2010). To reach the merits of a discretionary sentencing issue, this Court must conduct a four-part analysis to determine:

> (1) whether appellant filed a timely notice of appeal, Pa.R.A.P. 902, 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

*Id.* (citation and brackets omitted).

A substantial question exists "when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. Phillips*, 946 A.2d 103, 112 (Pa. Super. 2008) (citation omitted).

As stated above, with respect to his discretionary aspects of sentencing claim, Appellant assails the weight that the sentencing court gave to certain sentencing factors. However, as this Court noted in Appellant's direct appeal, a claim that the court failed to consider properly mitigating factors does not raise a substantial question which would invoke this Court's jurisdiction to consider the merits of the claim. *See Commonwealth v. Disalvo*, 70 A.3d 900, 903 (Pa. Super. 2013) ("[T]his Court has held on numerous occasions that a claim of inadequate consideration of mitigating factors does not raise a

substantial question for our review." (citation omitted)). **See also Commonwealth v. Zirkle**, 107 A.3d 127, 133 (Pa. Super. 2014) ("[W]e have held that a claim that a court did not weigh the factors as an appellant wishes does not raise a substantial question.").

Thus, Appellant's proposed challenge to the discretionary aspects of sentencing fails to raise a substantial question for our review. Therefore, even if appellate counsel had developed an argument on the issue raised in Appellant's Post-Sentence Motion challenging the trial court's application of mitigating circumstances, this Court would have been without jurisdiction to address it. Accordingly, Appellant's claim regarding appellate counsel's ineffectiveness has no merit.

Appellant's challenge to trial counsel's ineffectiveness is based on this Court's previous finding that he waived the claim he raised on direct appeal for failing to raise it in his Post-Sentence Motion.  In his direct appeal, Appellant asserted that the sentencing court violated the fundamental norms that underlie the sentencing process by imposing a sentence far surpassing that required for the protection of the public and without consideration of his rehabilitative needs, in violation of the Sentencing Code. **See** Appellant's Br. at 8-9, No. 1151 EDA 2018.  Such a claim generally presents a substantial question which invokes this Court's jurisdiction.  **See**, **e.g.**, **Commonwealth v. Sierra**, 752 A.2d 910, 913 (Pa. Super. 2000) (granting review of argument that appellant's sentence of total confinement is "so disproportionate as to

implicate the 'fundamental norms which underlie the sentencing process.'"). As such, if properly preserved, this Court would have addressed its merits. We do so now as part of our consideration of Appellant's ineffectiveness claim to determine whether there is merit to Appellant's assertion that his sentence of 14 to 30 years' incarceration violated the fundamental norms underlying the sentencing process and without consideration of Appellant's rehabilitative needs.

Our standard of review is well-settled: sentencing is vested in the discretion of the trial court and we will not disturb a sentence absent a manifest abuse of that discretion. ***Commonwealth v. Malovich,*** 903 A.2d 1247, 1252–53 (Pa. Super. 2006). "An abuse of discretion involves a sentence which was manifestly unreasonable, or which resulted from partiality, prejudice, bias or ill will. It is more than just an error in judgment." ***Id***.

Sentencing courts must consider the factors provided in 42 Pa.C.S. § 9721(b) before imposing sentence, *i.e.*, the gravity of the offense, its impact on the victim and community, and the defendant's rehabilitative needs. ***Commonwealth v. Macias***, 968 A.2d 773, 778 (Pa. Super. 2009). This Court is permitted to reverse a standard-range sentence only if the sentence, when viewed in light of the factors outlined in 42 Pa.C.S. § 9781(d),[2] is clearly

---

[2] Section 9781(d) provides that appellate courts consider the following factors to determine the reasonableness of a sentence:

*(Footnote Continued Next Page)*

unreasonable. ***Commonwealth v. Walls***, 926 A.2d 957, 961-63 (Pa. 2007). An unreasonable sentence is one that was irrational or not guided by sound judgment. ***Walls, supra,*** at 963. Indeed, "rejection of a sentencing court's imposition of sentence on unreasonableness grounds [should] occur infrequently, whether the sentence is above or below the guidelines ranges." ***Id.*** at 964.

Where the sentencing court both sentences within the standard range and considers a pre-sentence report, the sentence will not be considered excessive. ***Commonwealth v. Griffin***, 65 A.3d 932, 937 (Pa.Super. 2013). In fact, in this situation, we are required to presume that the sentencing court properly weighed the sentencing factors. ***Commonwealth v. Devers***, 546 A.2d 12, 18 (Pa. 1988) ("Where pre-sentence reports exist, we ... presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors.").

Here, the PCRA court judge, who also sat as the trial court judge, set forth the statutory and case law relevant to sentencing before noting that, at

---

(1) The nature and circumstances of the offense and the history and characteristics of the defendant.
(2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation.
(3) The findings upon which the sentence was based.
(4) The guidelines promulgated by the commission.

the time of sentencing, it had considered the victims' testimony, Appellant's expressions of remorse over his participation in the crime, and his apology to the victims. *See* PCRA Ct. Op, dated May 18, 2020, at 13-17. The court also observed that it had considered the pre-sentence investigation report, the probation and parole investigation evaluations, the Sentencing Code, and the sentencing guidelines. *Id*. at 17. The PCRA court then quoted from the notes of trial testimony where it acknowledged Appellant's drug addiction, his difficult childhood, and his prior involvement with the criminal justice system, and stated its reasons on the record for imposing the sentence it did. *See id*. at 17-19, (quoting N.T. Sentencing/Gagnon II, 2/26/18, at 47-51).

Our review supports the PCRA's determination that there is no merit to the claim underlying Appellant's ineffectiveness claim. Appellant's sentence is not unreasonable: it is neither irrational nor guided by unsound judgment. Because Appellant has not proven the merits of the issue underlying his ineffectiveness claim, we conclude that the PCRA court did not abuse its discretion in denying PCRA relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/8/21

- 11 -